# NO. 12-13-00330-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY DEWAYNE PULLINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Timothy Dewayne Pullins appeals his conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

In the early morning hours of January 27, 2013, the victim began walking home after a night out at a bar in Tyler, Texas. Although she parked her vehicle at the bar, she decided to walk home because she was intoxicated. As she walked, a vehicle approached her. A man exited the vehicle and robbed her at gunpoint. The victim went to a nearby convenience store and called the police. Once an officer arrived, she described the assailant as an African American male whose lips were "lighter on the inside [and] progressively got darker toward the outside of the lip." Approximately an hour or two after the robbery, a man later identified as Appellant was photographed and videotaped using the victim's credit cards at a local Walmart, McDonald's, and a gas station. The three stores are in close proximity to each other.

In response to a local news story releasing Appellant's photo in connection with the robbery, Appellant voluntarily called the police. He left a message with Detective Damon Swan of the Tyler Police Department stating that he did not commit the robbery but that he was present

during its commission. When he arrived at the station, Appellant stated, in contrast to his phone call, that he was not present during the robbery, and that he purchased the credit cards from a third party. Confronted by some of the evidence against him, Appellant changed his version of the events two more times. Ultimately, he admitted that he was present during the robbery and that he knew the robbery would take place. He denied that he actually committed the robbery. Instead, he stated that one of the other two occupants of the car, his nephew Michael Hunter, committed the robbery. He denied knowing that Hunter would use a gun, even though he knew that Hunter often carried a gun. Based on this information, Detective Swan arrested Appellant.

Appellant was indicted for the first degree felony offense of aggravated robbery.[1] Appellant initially wanted to plead guilty in hopes of a satisfactory plea agreement, but ultimately pleaded not guilty. After a bench trial, the trial court found Appellant guilty and sentenced him to thirty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant filed a motion to quash counsel's ***Anders*** brief, along with a pro se brief contending that (1) the evidence is insufficient to support a finding of guilt, (2) he received ineffective assistance of counsel, (3) the trial court improperly admitted extraneous offense evidence, and (4) the trial court had an improper judicial bias against him. We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2. Appellant's motion to quash counsel's *Anders* brief is overruled.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 6, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 6, 2015**

**NO. 12-13-00330-CR**

**TIMOTHY DEWAYNE PULLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0509-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*